IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LIBERTY INSURANCE          )
CORPORATION,               )
                           )
                Plaintiff, )
                           )
vs.                        )          Case Number CIV-16-486-C
                           )
LUIS PEREZ,                )
TEXAS CES, INC., d/b/a      )
STRIDE WELL SERVICES,      )
and JUAN DEL ANGEL,        )
                           )
              Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking a declaratory judgment that it is not liable to Defendants for claims made on a business insurance policy. Plaintiff now seeks summary judgment, arguing that the undisputed material facts entitle it to judgment as a matter of law on its claims.

On May 27, 2014, Rollo Dickenson was driving a Chevrolet Silverado which was leased by his employer, Defendant Stride Well. Dickenson failed to yield at an intersection resulting in a collision with another vehicle. Defendants Perez, Del Angel, and non-party Jeremiah Underwood were all passengers in the Silverado. All persons in the Silverado were employees of Defendant Stride Well and were traveling back to work from a luncheon in the company vehicle.[1] Plaintiff argues that because the employees

---

[1] The luncheon was an event put on by non-party Quantum Resources Inc. According to the evidence presented, the luncheon was provided as a benefit to the community as a whole and no special benefit was provided to Defendant Stride Well Services or their

were in the course and scope of their employment their injuries are not compensable under the insurance policy, but rather must be pursued through a worker's compensation claim. In support of this claim, Plaintiff argues that the employees had traveled together in a company vehicle with the permission of their employer to attend a luncheon, and the accident occurred as they were returning to work. According to Plaintiff, because all of this activity occurred within the course and scope of their employment, there is no coverage available under the insurance policy.

In response, Defendants argue that they were not acting in the course and scope of their employment, as there was no benefit provided to their employer or work-related activity connected to the travel to the luncheon.

The evidence relied on by Plaintiff in support of its claim does not support the arguments it raises. To the extent that Plaintiff relies on the case of <u>L.E. Jones Drilling Co. v. Hodge</u>, 2013 OK CIV APP 111, ¶ 7, 315 P.3d 1025, 1027, to support the proposition that any time an employee is in an employer-owned vehicle and going and coming to work that the journey is considered in the course and scope, that interpretation is unsupported. Rather, in <u>L.E. Jones Drilling</u> the Oklahoma Court of Civil Appeals held that an employee who was on duty 24 hours a day and was provided a company vehicle to travel when necessary to perform his job duties was considered in the course and scope of his

employees. (Dkt. No. 40, Exs. 5 & 6.)

employment when driving that vehicle. The evidence in this case is distinguishable and therefore Plaintiff's reliance on L.E. Jones Drilling as dispositive must fail.

Plaintiff also argues that Deffenbaugh v. Hudson, 1990 OK 37, 791 P.2d 84, holds that the Worker's Compensation Act clearly abrogates a common law right of action by one employee against another for accidental job-related injuries. However, that case is inapplicable where, as here, there is a dispute of material fact as to whether or not the injuries were job-related or arose in the course and scope of employment.

In short, Plaintiff has failed to demonstrate that the undisputed material facts entitle it to judgment. Accordingly, its Motion for Summary Judgment (Dkt. No. 38) will be DENIED.

IT IS SO ORDERED this 26th day of January, 2018.

ROBIN J. CAUTHRON
United States District Judge