IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case Number CIV-16-486-C<br>) |
| LUIS PEREZ,<br>TEXAS CES, INC., d/b/a<br>STRIDE WELL SERVICES,<br>and JUAN DEL ANGEL, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking a declaratory judgment that it is not liable to Defendants for claims made on a business insurance policy. The parties agreed to waive their right to a jury trial and present the matter to the Court for determination of "whether, at the time of the accident on May 27, 2014, Luis Perez and Juan Del Angel, employees of Stride Well Services, were acting within the course and scope of their employment pursuant to Okla. Stat. tit. 85A, § 2." (Dkt. No. 45, p. 1). The parties have filed their briefs and all response and replies.

On May 27, 2014, Rollo Dickenson was driving a Chevrolet Silverado which was leased by his employer, Defendant Stride Well. Dickenson failed to yield at an intersection resulting in a collision with another vehicle. Defendants Perez, Del Angel, and non-party Jeremiah Underwood were all passengers in the Silverado. All persons in the Silverado were employees of Defendant Stride Well and were traveling back to work

from a luncheon in the company vehicle.[*] Plaintiff argues that because the employees were in the course and scope of their employment their injuries are not compensable under the insurance policy, but rather must be pursued through a worker's compensation claim. In support of this claim, Plaintiff argues that the employees had traveled together in a company vehicle with the permission of their employer to attend a luncheon, and the accident occurred as they were returning to work. According to Plaintiff, because all of this activity occurred within the course and scope of their employment, there is no coverage available under the insurance policy.

In response, Defendants argue that they were not acting in the course and scope of their employment, as there was no benefit provided to their employer or work-related activity connected to the travel to the luncheon.

The parties have submitted extensive briefs and evidence; however, the substance of the dispute is addressed in Plaintiff's Response to Defendants Perez and Del Angel's brief. There Plaintiff states:

> The Defendants point out and Liberty agrees, the "free luncheon" was provided by one of Stride Well's customers, Quantum; was held off "site"; there was no business discussed nor were the four compelled to attend the luncheon. However, it is acknowledged by Perez and Del Angel that the four employees traveled from the job site to the free luncheon, in a company vehicle and were returning to the site, at the conclusion of the luncheon when the accident occurred.

---

[*] The luncheon was an event put on by non-party Quantum Resources Inc. According to the evidence presented, the luncheon was provided as a benefit to the community as a whole and no special benefit was provided to Defendant Stride Well Services or its employees. (Dkt. No. 40, Exs. 5 & 6.)

(Dkt. No. 54, p. 1). The question is whether, in those circumstances, Defendants Perez and Del Angel can be said to be acting in the course and scope of their employment.

Plaintiff argues that the employees had been at the jobsite, left in a company truck, and were returning to the worksite when the accident occurred. However, those facts are insufficient to establish the employees were in the course and scope of their employment.

First, as noted above, Plaintiff concedes that the employees were neither compelled by their employer to attend the luncheon nor was any business conducted at the luncheon. Thus, the facts of this case are distinguishable from Carroll v. Dist. Court of Fifteenth Judicial Dist. Court, Cherokee Cty., 1978 OK 73, 579 P.2d 828. In that case the employee was injured by a private vehicle while he was performing his work as a volunteer firefighter. Likewise, Plaintiff's reliance on the case of L.E. Jones Drilling Co. v. Hodge, 2013 OK CIV APP 111, ¶ 7, 315 P.3d 1025, 1027, is unhelpful. In L.E. Jones Drilling, the Oklahoma Court of Civil Appeals held that an employee who was on duty 24 hours a day and was provided a company vehicle to travel when necessary to perform his job duties was considered in the course and scope of his employment when driving that vehicle. Here, the facts are significantly different. There is no evidence the employees were in the vehicle to perform job duties at the time of the collision. Further, Plaintiff's argument that the employees were being paid at the time of the collision is not supported by the

3

evidence before the Court. While Plaintiff has provided some evidence of payment, Defendants Perez and Del Angel have countered that showing with competent evidence and with evidence that casts substantial doubt on Plaintiff's position. Plaintiff has the burden of proof on the issue, and the Court finds that Plaintiff has failed to meet that burden. This failure also disposes of Plaintiff's arguments relying on <u>Future Environmental Inc. and Own Risk #17344, Insurance Carrier, Petitioners v. Nathaniel Mace and The Workers' Compensation Commission</u>, Case No. 116,134 (WCN-116-134). In that case the employee was undisputedly on the clock when the injury occurred.

The failure to establish the employees were on the clock at the time of the collision overcomes at least half of the arguments raised by Defendant Texas CES, Inc., d/b/a Stride Well Services (Stride Well), in its brief. Stride Well argues employees are in the course and scope of their employment when the employer furnishes the transportation or pays travel expenses. For the same reasons noted above, the Court finds there is insufficient proof that Perez and Del Angel were being paid at the time of the collision. The employer-provided-transportation argument fails because although the employees were in a company vehicle at the time of the collision, that vehicle was not provided for the purpose of furthering Stride Well's needs.

Finally, the Court finds that Plaintiff's arguments relying on election of remedies and estoppel are waived by the parties' agreement on the issue to be presented to the Court for resolution.

As set forth more fully herein, the injuries suffered by Luis Perez and Juan Del Angel are not covered by the Oklahoma's Workers' Compensation Act. Thus, Plaintiff's request for declaratory judgment is DENIED. A separate Judgment will issue.

IT IS SO ORDERED this 30th day of May, 2018.

ROBIN J. CAUTHRON
United States District Judge